[No. 803.    September 2, 1898.]

## TERRITORY OF. NEW MEXICO, Appellee, v. TOMAS ARCHIBEQUE and ALBERTO CEVADO, Appellants.

CRIMINAL LAW—APPEAL—ASSIGNMENTS—PROCEDURE.—1.  Alleged errors occurring at the trial in criminal cases must be called to the attention of this court by motion for a new trial, exception to the overruling of the motion must be saved and the motion and exception made a part of the record by bill of exceptions before this court will consider them.

2.  The code of civil procedure does not control the requirements as to appeals in criminal cases.

*Appeal*, from a judgment convicting defendants of arson, from the Second Judicial District Court, Bernalillo County.    Affirmed.

The facts are  stated in the opinion of the court.

HORTON MOORE for appellants.

The accused has a right to a full box at all times when exercising his peremptory. challenges.    Territory v. Sumner,

46 Pac. 16; Territory v. Barrett, 8 N. M. 70; Shelby v. Com., 16 S. W. Rep. 461. See, also, Comp. Law 1897, sec. 3404; People v. McQuade, 18 N. E. Rep. 156; Jenkins v. Com., 4 S. W. Rep. (Ky.) 816; Wilson v. Com., 4 Id. 818; Shelby v. Com., supra; Mundy v. Com., 81 Ky. 233, decided prior to provision of code; Edington v. Com., — Ky. App. —; Mickey v. Com., 9 Bush. (Ky.) 595; Railway Co. v. Mitchell, 45 S. W. Rep. 819.

The burden of proof can never shift to a defendant in a criminal case. Whar. Crim. Ev. [9 Ed.], secs. 330, 332, 431; Turner v. State, 86 Pa. St. 54; Watson v. Com., 95 Id. 418; Whar. Crim. Ev. [9 Ed.] 333; Davis v. State, 5 Box (Tenn.) 612; Wiley v. State, Id. 662; State v. Jaynes, 78 N. C. 504; Howard v. State, 50 Ind. 190.

EDWARD L. BARTLETT, solicitor general, for the territory.

There is no motion for new trial in the bill of exceptions, and the questions as to errors committed by the trial court in impaneling the jury can not be considered here. Territory v. Chavez, 50 Pac. Rep. 324.

In regard to the question of proof of alibi see: Borrego v. Territory, 8 N. M. 474; Trujillo v. Territory, 7 Id. 44. See, also, Walker v. State, 42 Tex. 376; State v. Davis, 53 Pac. Rep. 681.

PARKER, J.—The defendants, Tomas Archibeque and Alberto Cevada, were jointly indicted, tried and convicted of the crime of arson in the district court of Bernalillo county and sentenced to a term of five years in the territorial penitentiary. They bring the cause here by appeal. The bill of exceptions contains no motion for a new trial.

This case falls within the rule laid down in Territory v. Chavez y Chavez, 50 Pac. 324, where it is held in accordance with the former decisions of this court, that errors occurring at the trial must be called to the attention of the court by motion for a new trial, and exception must be saved to the overruling of the

CRIMINAL law: appeals: assignment.

motion, and the motion must be made part of the record by bill of exceptions. We see no reason to depart from this rule.

2. It was urged by counsel for appellants that this appeal having been taken since the code of civil procedure went into effect, matters are thereby made a part of the record, not made so under former practice except by bill of exceptions; but we decide that the code of civil procedure is not applicable to and does not govern as to the requirements in appeals in criminal cases. There being no error in the record proper, the judgment below is affirmed.

Procedure.

McFie, Leland, JJ., and Mills, C. J., concur; Crumpacker, J., did not sit in this case having presided at the trial below.