No. 30,618.

HENRY J. DAVIS, *Appellee*, v. THE SKELLY OIL COMPANY, *Appellant*.

(10 P. 2d 25.)

Opinion filed April 9, 1932.

*W. P. Z. German, Alvin F. Molony* and *C. L. Swim*, all of Tulsa, Okla., and *Cliff V. Peery*, of Kansas City, Mo., for the appellant.

*J. B. McKay*, of El Dorado, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The proceeding was one for compensation for loss of an eye. The commissioner denied compensation. On appeal to the district court, the court awarded compensation, and made the statutory allowance for medical and hospital care. The employer appeals.

The workman testified to the facts concerning the accident. While he was grinding tools on an emery wheel operated by electricity and revolving rapidly, he got something in his eye. It felt like something was sticking in his eye, and he tried to get it out by using a rag. The commissioner held "the circumstances did not lend themselves" to the accident, otherwise weighed the evidence, rejected the workman's account of the cause of the accident, and found the workman did not suffer accidental injury. The district court made findings of fact. The findings disclose consistency

between the circumstances and the workman's account of the cause of the accident, and disclose medical and other testimony corroborating the workman. So the district court accepted the workman's account of the accident, and found he did suffer accidental injury as he claimed. One of the court's findings follows:

"Claimant had had noninflammatory glaucoma for some time before January 16, 1931. The irritation caused by this object in claimant's eye, or its having penetrated the eye, or the rubbing in an effort to remove it, directly resulted in producing a condition or disease known as inflammatory glaucoma, and as a direct and proximate result of getting this object in his eye the claimant sustained the complete loss of the right eye and of the sight thereof."

Counsel for the employer make the flat statement that there was no substantial evidence to support the court's findings. The counsel all reside outside the state, but they understand the law and practice in this state in compensation cases. They commence their argument with explicit recognition of the fact that this court has no authority to determine questions of fact, and that its function is limited to ascertaining whether the district court's findings are sustained by substantial evidence. Counsel define the term "substantial evidence." Then they apply the definition in a sophistical way which finally excludes from consideration the positive testimony of the one person who knew there was an accidental injury and knew when and how it occurred.

The commissioner made a finding that the employer had no notice of the accidental injury, which the commissioner found did not occur, and that the employer was prejudiced by lack of notice. The district court held otherwise, and counsel for the employer say the workman failed to give notice and the employer was prejudiced.

The district court found the facts relating to notice of injury. Findings pertinent to the subject follow:

"For over four years prior to January 16, 1931, the claimant had been working for the respondent at its refinery shop in El Dorado, repairing tools and machinery. . . . One of his duties was to grind tools on a fast-revolving emery wheel which filled the air with small particles of emery and steel. The emery wheels had a shield, and goggles were furnished by respondent which had glass in front, but at the sides there was a fine-mesh wire screen. Workmen frequently got particles of emery or steel in their eyes even when wearing the goggles. On Friday morning, January 16, 1931, the claimant ground tools on this emery wheel, and while doing so used the goggles. At or about the time of doing this grinding he got a small particle of something in his right eye. He rubbed his eye and tried to remove the particle, but was unable to do so. The pain grew more severe during the

day. He complained to his foreman of having a headache, but continued to work until quitting time that evening. . . . During the evening of January 16 his eye and head gave him a great deal of pain. He did not sleep that night, and during the night the pain became so great he became irrational, and remained in substantially an irrational condition until sometime Monday morning. . . . On the morning of January 17 [Saturday] claimant's wife telephoned the foreman that he had gotten something in his eye while at work at the refinery the day before; that he would not be able to go to work; that he had not slept; that he had a headache or a pain over one of his eyes, and that they were going to take him to the hospital. The foreman went to the hospital to see claimant that evening, but claimant was unable to talk to him."

The statute reads as follows:

"Proceedings for compensation under this act shall not be maintainable unless notice of the accident, stating the time and place and particulars thereof, and the name and address of the person injured, shall have been given to the employer within ten (10) days after the accident: *Provided,* That actual knowledge of the accident by the employer or his duly authorized agent shall render the giving of such notice unnecessary: *Provided further,* That want of notice or any defect therein shall not be a bar unless the employer prove that he has been prejudiced thereby." (R. S. 1930 Supp. 44-520.)

The statute does not require that the notice be given by the workman personally, and it is sufficient if the giving of the notice is naturally prompted by consideration of the injury and the relationship between the workman and his employer. A reference to the injury in casual conversation would not be notice, but the notice need not be in writing, and need not have the definiteness and certainty of detail of a common-law indictment for crime. The notice is not to be confused with claim for compensation, which is separately provided for by the statute. Whether an injury may prove to be compensable may not be presently known, and what the statute contemplates is notice of injury, so that the employer may have fair opportunity to investigate the cause and observe the consequences.

In this instance the notice which was given identified the workman so the foreman understood who he was and where he could be found; stated the time of injury—the day before; stated the place of injury—at the refinery; and stated the following particulars: Something in the eye while the workman was at work, which had incapacitated him. Reading the statute just as we find it, and considering the purpose to be subserved, the notice given the employer was not defective in any material respect. Besides that, the notice

was acted on by the employer precisely as if it had been received as given under the compensation act.

Counsel for the employer demonstrate to their own satisfaction that the testimony of the workman's wife was not "substantial."

The workman testified he was afraid of losing his job, and when he became able to talk to the foreman at the hospital, and subsequently, he told the foreman he did not get anything in his eye, and it was not a company case. The foreman denied that the workman's wife told him the workman got something in his eye. The dispute is settled by the court's finding, quoted above, just as other conflicts in the evidence are settled by the findings. As indicated, the foreman acted on the information given by the workman's wife, and the district court stated the following conclusion:

"The respondent is not shown to have been prejudiced by the failure of the claimant to give any other notice of the accident than that found to have been given, and such statements as the claimant may have made to the effect that he did not get anything in his eye while at work or that it was not a company matter, are not shown to have prejudiced the rights of the respondent."

The court does not propose to debate the evidence on this subject. The evidence disclosed and the court found the foreman notified the employer's superintendent and first-aid man that the workman was in the hospital on account of eye trouble. The first-aid man gave information to Doctor Hall, the workman's physician, relating to the condition of the eye when the workman was employed. The first-aid man kept in touch with the case before the eye was removed, by telephone conversations with Doctor Hall. There was no testimony that, relying on what the workman said rather than on what his wife said, the employer did or omitted to do anything to its prejudice, and the statute is plain that the employer must prove prejudice.

The court made the statutory allowance to the workman for hospital and medical care, and the employer contests that allowance. The allowance was made pursuant to the following finding:

"The claimant did not call the respondent's regular physician, and after the respondent learned that the claimant was having trouble with his eye and was being treated by Doctor Hall, the respondent did not request the claimant to obtain the services of the regular physician for the respondent, and it did not ask the claimant to permit its regular physician to examine or treat the claimant."

The judgment of the district court is affirmed.