# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2011-NMSC-039

Filing Date: October 11, 2011

Docket No. 32,131

MICHAEL and TIA WACHOCKI,
individually and as personal representatives
of the ESTATE of JASON WACHOCKI, deceased,
and BILL WACHOCKI,

       Plaintiffs-Petitioners,

v.

BERNALILLO COUNTY SHERIFF'S DEPARTMENT,

       Defendant-Respondent.

ORIGINAL PROCEEDING ON CERTIORARI
Linda M. Vanzi, District Judge

Kennedy, Moulton & Wells, P.C.
Deborah D. Wells
Albuquerque, NM

Slease & Martinez, P.A.
William D. Slease
Albuquerque, NM

for Bernalillo County Sheriff's Department

McGinn, Carpenter, Montoya & Love, P.A.
Randi McGinn
A. Elicia Montoya
Tyler J. Atkins
Albuquerque, NM

for Michael and Tia Wachocki, individually
and as personal representatives of the Estate of
Jason Wachocki, deceased, and Bill Wachocki

**OPINION**

**MAES, Justice.**

**{1}** This appeal involves the loss-of-consortium claim brought by Bill Wachocki (Bill), the adult brother of Jason Wachocki (Jason). Twenty-two-year-old Jason was killed when his vehicle was struck by a speeding van driven by Willie Hiley (Willie), a corrections officer at the Metropolitan Detention Center (jail). Bill argues his loss- of-consortium claim was improperly foreclosed by the application of the "mutual dependence" standard which was developed for spousal-type relationships. *Lozoya v. Sanchez*, 2003-NMSC-009, ¶ 27, 133 N.M. 579, 66 P.3d 948 (internal quotation marks and citation omitted), *abrogated on other grounds by Heath v. La Mariana Apartments*, 2008-NMSC-017, ¶ 21, 143 N.M. 657, 180 P.3d 644. We clarify that recovery for loss of consortium may extend to sibling relationships; however, the facts presented in this case do not exhibit the mutual dependence required for recovery. The Court of Appeals having reached a similar conclusion, we affirm.

## I. BACKGROUND

**{2}** Jason was 15 months older than Bill and as children they had shared a bedroom together. At the time of Jason's death, they had been sharing an apartment for approximately eight months. Jason and Bill split the rent, utilities, and grocery bills and shared household chores and cooking. The brothers enjoyed a close relationship. They spent their free time together, socializing, playing basketball, and going to the movies and the racetrack. Bill considered his older brother his role model and best friend, and he relied on Jason for advice and emotional support.

**{3}** While upholding a wrongful death claim against the Bernalillo County Sheriff's Department (BCSD), the courts below denied the loss-of-consortium claim brought by Jason's brother, Bill. *Wachocki v. Bernalillo Cnty. Sheriff's Dep't*, 2010-NMCA-021, ¶¶ 2, 57, 147 N.M. 720, 228 P.3d 504. The Court of Appeals held that Bill had not shown that BCSD owed him a duty of care because it was not foreseeable that injury to Jason would harm Bill's relational interest. *Id.* ¶¶ 55-56. The Court also held that even if BCSD owed Jason a duty of care, no recovery was warranted because Bill had not shown he shared a sufficiently close relationship with Jason under the "mutual dependence" factors we outlined in *Lozoya*. *Wachocki*, 2010-NMCA-021, ¶¶ 56-57. We granted certiorari pursuant to NMSA 1978, Section 34-5-14(B) (1972) and Rule 12-502 NMRA. *Wachocki v. Bernalillo Cty.*, 2010-NMCERT-002, 147 N.M. 705, 228 P.3d 489.

## II. STANDARD OF REVIEW

**{4}** We address whether the courts below improperly foreclosed Bill's recovery for loss of consortium by applying the *Lozoya* mutual dependence factors. The *Lozoya* factors assess whether the claimant and the injured party shared a sufficiently close relationship, proof of which is necessary to recover under a consortium theory. *See Fitzjerrell v. City of Gallup*

*ex rel. Gallup Police Dep't*, 2003-NMCA-125, ¶ 14, 134 N.M. 492, 79 P.3d 836. Bill claims error because the *Lozoya* factors are not specifically tailored to the sibling relationship. This call to reassess the *Lozoya* factors presents a question of law, which we review de novo. *Boradiansky v. State Farm Mut. Auto. Ins. Co.*, 2007-NMSC-015, ¶ 5, 141 N.M. 387, 156 P.3d 25. To the extent we review the factual premise underlying the loss-of-consortium claim, we defer to the "trial court's factual findings unless the findings are not supported by substantial evidence." *Strata Prod. Co. v. Mercury Exploration Co.*, 121 N.M. 622, 627, 916 P.2d 822, 827 (1996); *cf. Fitzjerrell*, 2003-NMCA-125, ¶ 13 ("The legal availability of relief depends on the factual determination of whether a plaintiff has a significant enough relational bond with the victim of a tort to recover for loss of consortium.").

## III. AVAILABILITY OF RECOVERY FOR SIBLING'S LOSS-OF-CONSORTIUM CLAIM

**{5}**     A loss-of-consortium claimant must demonstrate two elements in order to recover damages. *See Fitzjerrell*, 2003-NMCA-125, ¶ 14. The first element is that the claimant and the injured party shared a sufficiently close relationship. *Id.* In *Lozoya*, we held that the following factors were relevant in determining whether the claimant and injured party shared such a close relationship:

> "the duration of the relationship, the degree of mutual dependence, the extent of common contributions to a life together, the extent and quality of shared experience, and . . . whether the plaintiff and the injured person were members of the same household, their emotional reliance on each other, the particulars of their day to day relationship, and the manner in which they related to each other in attending to life's mundane requirements."

2003-NMSC-009, ¶ 27 (quoting *Dunphy v. Gregor*, 642 A.2d 372, 378 (N.J. 1994)). The second element is a duty of care. *Lozoya*, 2003-NMSC-009, ¶ 15. The tortfeasor owes a duty of care to the claimant where it is foreseeable that the harm inflicted upon the injured party would damage the relationship between the injured party and the claimant. *Id.* Because we decide this appeal based on the lack of the first element—a sufficiently close relationship—we need not address foreseeability.

**{6}**     The Court of Appeals concluded that the siblings did not share a sufficiently close relationship under the *Lozoya* test. *See Wachocki*, 2010-NMCA-021, ¶ 56. Bill argues that the Court of Appeals improperly applied the *Lozoya* "mutual dependence" factors, developed for spousal-type relationships, to the sibling loss-of-consortium claim presented here. He claims that sibling relationships are distinct from spousal-type relationships, and therefore some of the *Lozoya* factors, such as the extent and quality of shared experience and emotional reliance, are not applicable to an adult-sibling relationship. Thus, he urges this Court to adopt a loss of consortium analysis that is specifically tailored to the unique nature of sibling relationships, considering such factors as whether siblings remain in close

3

communication during adulthood, provide emotional support to one another, and share interests and activities.

**{7}** BCSD responds that adopting Bill's proposed test would exalt the legal status of siblings over the fact-specific inquiry into mutual dependence, and therefore is inconsistent with our analysis in *Lozoya*. In *Lozoya*, we considered "whether unmarried cohabitants may recover against negligent actors for loss of consortium." 2003-NMSC-009, ¶ 1. We rejected the defendants' contentions that only those with "special legal status" in relation to the injured party, such as spouses or blood relatives, may recover consortium damages. *Id.* ¶ 19. We observed that loss-of-consortium claims are intended to compensate for "damage to a *relational* interest, not a legal interest." *Id.* ¶ 20. Therefore, we declined to utilize "legal status as a proxy for a significant enough relational interest," *id.* ¶ 20, and held that cohabitants, even though not legally married, may be entitled to recover, *id.* ¶ 27.

**{8}** We decline to inject factors specific to the sibling relationship into our loss of consortium analysis. A relationship-specific test is not in accord with *Lozoya*, which clarified that legal status is not a "dispositive factor in determining whether loss of consortium benefits should be extended." 2003-NMSC-009, ¶ 20 n.2. Thus, it would contravene *Lozoya* to fashion a test that is directly dependent on the type of legal relationship involved. Moreover, we are concerned that a relationship-specific test would detract from the important goals of clarity and stability in this area of the law. A relationship-specific test would presumably spawn many iterations—the factors would have to be tailored to siblings in this instance, then to many other types of relationships in cases to come. With the proper analysis so reliant upon the nature of the relationship, we fear that lower courts would be left with little clear guidance when faced with a loss-of-consortium claim.

**{9}** Though we decline to inject sibling-specific factors into the analysis of whether the claimant and injured parties shared a sufficiently close relationship, we hold that the analysis should be streamlined to accommodate different types of relationships. In *Lozoya*, we held that the degree of mutual dependence, as well as a host of other factors, such as duration of the relationship, emotional reliance, and sharing of a common residence, bear upon whether the claimant and injured party shared a sufficiently close relationship. 2003-NMSC-009, ¶ 27. We acknowledge that these factors may be helpful in the context of some relationships, especially spousal-type relationships; however, we strive for a uniform analysis applicable to all relationships.

**{10}** With that goal in mind, we conclude that mutual dependence is the key element. The unmarried cohabitants in *Lozoya* were certainly mutually dependent—they jointly ran a household, made life decisions together and had made a long-term commitment to one another. *See id.* ¶¶ 9-10, 29. Similarly, in *Fernandez v. Walgreen Hastings Co.*, a grandparent claiming loss of consortium shared a household with the granddaughter she lost and acted as the child's caretaker. 1998-NMSC-039, ¶¶ 4, 32, 126 N.M. 263, 968 P.2d 774. In both of these situations, the parties relied on the relationship and could not enjoy life in

4

the same way once the relationship was severed. Under such circumstances, the claimant and injured party are mutually dependent, and therefore the relationship was sufficiently close to permit recovery for loss of consortium.

**{11}** Having concluded that mutual dependence is the key factor in determining whether the claimant shared a sufficiently close relationship with the injured party, we proceed to apply this analysis, looking to the factual findings made by the district court. *See Fitzjerrell*, 2003-NMCA-025, ¶ 13. Before his death, Jason shared an apartment with Bill for approximately eight months. The brothers "split bills and shared household chores, socialized together and relied on each other for friendship." As the Court of Appeals noted, "recovery by a sibling may be proper," but here the "factual basis simply falls short." *Wachocki*, 2010-NMCA-021, ¶ 57. We agree. The brothers were roommates and shared a small amount of financial responsibilities, but we hold that their relationship did not exhibit the mutual dependence required for recovery.

**{12}** We are mindful of the limited nature of loss-of-consortium claims in other jurisdictions. Many jurisdictions have expressly rejected sibling loss-of-consortium claims. *See Bobick v. U.S. Fidelity & Guar. Co.*, 790 N.E.2d 653, 664 (Mass. 2003) (holding that a sibling may not maintain a loss-of-consortium claim); *Ford Motor Co. v. Miles*, 967 S.W.2d 377, 383 (Tex. 1998) (same). Though we recognize that other jurisdictions draw the line at particular relationships, we emphasize that our rejection of Bill's claim does not mean that a sibling cannot prevail in a loss-of-consortium claim. Where the facts demonstrate that two siblings shared a mutually dependent relationship, recovery for loss of consortium may be available.

**{13}** We conclude that the factual findings made by the district court do not demonstrate a sufficiently close relationship, and therefore recovery for loss of consortium is not available to Bill. We need not address the remaining element of loss of consortium, a duty of care. *See Lozoya*, 2003-NMSC-009, ¶ 15.

## IV. CONCLUSION

**{14}** The findings presented here do not establish Bill Wachocki's right to recover damages for loss of consortium.

**{15}** **IT IS SO ORDERED.**

_____
**PETRA JIMENEZ MAES, Justice**

**WE CONCUR:**

_____
**PATRICIO M. SERNA, Justice**

5

**RICHARD C. BOSSON, Justice**

**EDWARD L. CHÁVEZ, Justice**

**RAYMOND Z. ORTIZ (Pro Tem)**

**Topic Index for *Wachocki v. Bernalillo County Sheriff's Department*, No. 32,131**

| | |
|---|---|
| **TR** | **TORTS** |
| TR-LC | Loss of Consortium |

| | |
|---|---|
| **RE** | **REMEDIES** |
| RE-LO | Loss of Consortium |