This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**GERARDO SILVA,**

    Petitioner-Appellant,

v.                                                                    **No. A-1-CA-35080**

**MARIA SILVA,**

    Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Darren M. Kugler, District Judge**

Keithly & English, P.C.
Shane A. English
Anthony, NM

for Appellant

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Edward Ricco
Jocelyn Drennan
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}    Gerardo Silva (Husband) appeals from the district court's entry of a final decree of divorce. Husband challenges the district court's allocation of income and expenses, its valuation and allocation of community property and debts, and the amount of spousal support awarded to Maria Silva (Wife). He also challenges the district court's time-sharing decision regarding their then minor child. Husband further alleges the district court abused its discretion by: (1) ordering him to pay Wife's attorney fees, and (2) holding him in contempt. Because of Husband's failure to abide by the rules of appellate procedure in the preparation of his brief in chief on his substantial evidence issues, we decline to address those issues. We also decline to review the contempt and time-sharing issues as moot. As a result, we affirm the district court.

**BACKGROUND**

{2}    The parties were married on November 13, 1980, in Durango, Mexico. Husband became a United States citizen in 2012 and Wife was a legal permanent resident. They had six children together, five of whom were adults at the time of the divorce proceedings, and one that was a minor. Husband owned a pallet business in Las Cruces, New Mexico. Wife worked as a house cleaner and was also employed in a local restaurant.

{3}    Husband filed a petition for a dissolution of marriage on February 25, 2014, citing incompatibility and irreconcilable differences. Both parties had been residents

of Doña Ana County, New Mexico, for at least six months prior to Husband's filing of the divorce petition. The district court held a trial on the merits on April 17, 2015. It entered a final decree of divorce on August 26, 2015.

{4}     Because this is a memorandum opinion and the parties are familiar with the factual background, we reserve further discussion of the pertinent facts within the context of the parties' arguments.

**DISCUSSION**

**A.     Rule 12-213(A)(3), (4) (2010) NMRA[1] and Substantial Evidence Arguments**

{5}     For all of his appellate issues, Husband challenges specific findings of fact and conclusions of law "as not being supported by substantial evidence." At this juncture we address only those substantial evidence challenges to the district court's allocation of income and expenses, its valuation and allocation of community property and debts, the award of spousal support to Wife, and the award for attorney fees to Wife.

{6}     The district court's rulings are reviewed for abuse of discretion. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (internal quotation marks and citation omitted). "When reasons both supporting and detracting from a decision exist, there is no abuse

---

[1]Rule 12-213 was recompiled as Rule 12-318 NMRA, effective for all cases pending or filed on or after December 31, 2016.

of discretion." *Camino Real Envtl. Ctr., Inc. v. N.M. Dep't of Env't*, 2010-NMCA-057, ¶ 23, 148 N.M. 776, 242 P.3d 343. "[M]erely identifying the existence of evidence which may have tended to support a different outcome does not demonstrate an abuse of discretion." *Id.*

{7}    If there is substantial evidence to support a district court's decision, it will not be disturbed on appeal. *Landavazo v. Sanchez*, 1990-NMSC-114, ¶ 7, 111 N.M. 137, 802 P.2d 1283. "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *Id.* "The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177. We "resolve[] all disputes of [the] facts in favor of the successful party and indulge[] all reasonable inferences in support of the prevailing party." *Id.* "[W]e will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder." *Id.* Thus, we will only reverse when the evidence or reasonable inferences from the evidence cannot support the district court's findings and decisions.

{8}    The appellate court presumes that the district court is correct, therefore the burden is on the party claiming error to clearly demonstrate that the district court erred. *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111

4

N.M. 6, 800 P.2d 1063; *see State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the district court's rulings or decisions and the party claiming error bears the burden of showing such error).

{9} We note that in Husband's brief in chief, his presentation of facts includes only those favorable to his position, and excludes those that support the district court's contrary determination. In arguing each of the separate issues, he specifically challenges numerous findings of fact and conclusions of law as not being supported by substantial evidence. However, he fails to justify his contentions to this Court in a manner that explains, based upon the record as a whole, why the district court's findings of fact are erroneous. As explained below, merely reciting favorable facts and then stating that various findings are not supported by substantial evidence is inadequate to present a substantial evidence argument on appeal. Husband therefore presents us with the near impossible task of guessing at his arguments and the basis for each, a task which we will not perform on his behalf. It is Husband's responsibility to tell this Court why the evidence the district court relied upon does not amount to substantial evidence to support its findings and decisions.

{10} Wife argues that by failing to follow the rules of appellate procedure, Husband has waived his substantial review of the district court's findings and decisions. Wife

also points out that Husband has set forth a recitation of evidence in a light most favorable to his position, rather than as required by Rule 12-213(A)(3) (2010).

{11}    Rule 12-213(A) (2010) sets forth the requirements applicable to an appellant's brief in chief. It provides, in relevant part:

> (3)    . . . A contention that a . . . judgment or finding of fact is not supported by substantial evidence shall be deemed waived unless the summary of proceedings includes the substance of the evidence bearing upon the proposition;
>
> (4)    . . . A contention that a . . . judgment or finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies *with particularity* the fact or facts that are not supported by substantial evidence[.]

Thus, Husband was required to bring to this Court's attention *all* evidence bearing upon the issues, that is, not only the evidence that is favorable to Husband, but also the evidence that is contrary to Husband's position. *See Aspen Landscaping, Inc. v. Longford Homes of N.M., Inc.*, 2004-NMCA-063, ¶ 28, 135 N.M. 607, 92 P.3d 53 (explaining that a party challenging a finding for lack of substantial evidence must refer to "all of the evidence, both favorable and unfavorable, followed by an explanation of why the unfavorable evidence does not amount to substantial evidence, such as is necessary to inform both the appellee and the [appellate c]ourt of the true nature of the appellant's arguments").

{12}     This Court has emphasized the importance of the appellate rules by stating they "exist to ensure the efficient and fair administration of justice." *Rio Grande Kennel Club v. City of Albuquerque*, 2008-NMCA-093, ¶ 55, 144 N.M. 636, 190 P.3d 1131. "Although an important policy is to construe the Rules of Appellate Procedure liberally so that appeals may be determined on their merits, we will not implement that policy to the point of making the [r]ules meaningless." *Id.* (omission, internal quotation marks, and citation omitted). Because we apply a presumption of correctness to the district court's decision, it is Husband's burden to demonstrate error. In this case, Husband's failure to comply with the rules has had the effect of failing to meet his burden of showing how the district court erred. *See id.* ¶ 54. We do note that Wife's answer brief, as an alternative, painstakingly set forth the evidence as required by Rule 12-213 (2010); however, it was not her burden to perform the requisite work Husband failed to do.

{13}     "Where the appellant fails to include the substance of all the evidence bearing upon a proposition, [this Court] will not consider a challenge to the sufficiency of the evidence." *Wachocki v. Bernalillo Cty. Sheriff's Dep't*, 2010-NMCA-021, ¶ 17, 147 N.M. 720, 228 P.3d 504 (internal quotation marks and citation omitted), *aff'd*, 2011-NMSC-039, 150 N.M. 650, 265 P.3d 701. When an appellant discusses only those facts that "tend to show that some of the district court's findings were contradicted[,]"

7

the appellant does not "address the substance of all the evidence bearing on the findings" and therefore necessarily fails to "demonstrate how the evidence supporting the district court's findings fails to amount to substantial evidence." *Id.* "To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them." *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53. "This creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." *Id.* "We will not search the record for facts . . . in order to support generalized arguments." *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104. We therefore decline to review Husband's challenges to the district court's allocation of income and expenses, its valuation and allocation of community property and debts, the award of spousal support to Wife, and the award for attorney fees to Wife.

**B.    Contempt**

{14}    On November 24, 2014, the district court held an income modification hearing at Husband's request. At the hearing, Wife's counsel introduced impeachment evidence showing that Husband improperly completed his federal tax return and that he had earned more money from his pallet business than he originally claimed in an

8

apparent effort to convince the district court that he could not afford to pay Wife the monthly amount it previously ordered him to pay. At the end of the hearing, the following exchange took place:

> [District Judge]: And, Mr. Silva, would you please rise? If you come back in my courtroom again and lie to me, I'm putting you in jail. Do you understand?
>
> . . . .
>
> [Husband]: I haven't lied to you.
>
> [District Judge]: Take him into custody. Give him 24 hours. You're making a mockery of this [c]ourt.

Husband was thereafter detained following the hearing on November 24, 2014, and he was released on November 25, 2014. Husband's counsel did not object to the district court's order detaining Husband for twenty-four hours.

{15} On appeal, Husband argues that the district court abused its discretion in citing him for contempt at the close of the income modification hearing and immediately ordering his detention. Husband argues that the district court did not explain its decision to hold Husband in contempt, and offered no specifics as to how Husband presented false testimony or made a mockery of the court. He contends that "[i]f the [district] judge in this case wished to pursue contempt sanctions against [Husband], the only lawful avenue would have been through non-summary indirect criminal contempt proceedings where his guilt or innocence could be properly determined." In

response, Wife concedes that "[t]he [district] court's actions may well have been intemperate" but she states that this Court need not address this issue because it is moot and Husband does not raise the possibility of future collateral consequences stemming from being held in contempt. We agree.

{16} "As a general rule, [appellate courts] do not decide moot cases. A case is moot when no actual controversy exists and the court cannot grant actual relief." *Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 (internal quotation marks and citations omitted); *see State v. Favela*, 2013-NMCA-102, ¶ 13, 311 P.3d 1213 ("[A] reviewing court generally does not decide academic or moot questions[.]" (internal quotation marks and citation omitted)). There are exceptions to this general rule: (1) "issues of substantial public interest"; or (2) issues "which are capable of repetition, yet evade review." *Gunaji*, 2001-NMSC-028, ¶ 10.

{17} Husband did not file a reply or otherwise respond to Wife's assertions that the contempt issue was moot, particularly whether Husband raised the possibility of future collateral consequences. As a result of Husband's failure to file a reply brief or respond to Wife's contentions, he has conceded the issue. *See Delta Automatic Sys., Inc. v. Bingham*, 1999-NMCA-029, ¶ 31, 126 N.M. 717, 974 P.2d 1174 (stating that the failure to respond to contentions made in an answer brief "constitutes a concession on the matter" and stating that "[t]his Court has no duty to search the record or

research the law to 'defend' in a civil case, a party that fails to defend itself on an issue"). Therefore, we hold that Husband's issue of whether the district court abused its discretion in ordering Husband detained for criminal contempt is moot.

**C.    Time-Sharing**

{18}    Finally, Husband contends that although the district court granted the parties joint legal custody of their minor son, it abused its discretion by not establishing a specified time-sharing schedule and instead granting sole physical custody to Wife. The district court's order instead stated that "because of the child's age, the child shall determine the visitation he wishes with his father." Husband argues that in effect, the court's order denied him the opportunity to maintain a parent-child relationship with their minor son.

{19}    Because the child has reached the age of majority, time-sharing is no longer an issue for this Court to address. *See Favela*, 2013-NMCA-102, ¶ 13 ("[A] reviewing court generally does not decide academic or moot questions[.]" (internal quotation marks and citation omitted)).

**CONCLUSION**

{20}    Husband's failure to comply with the Rules of Appellate Procedure, including his burden to establish that the district court's findings of fact and decisions were not supported by substantial evidence and his burden to clearly demonstrate error was the

11

basis for us rejecting his arguments. We affirm the district court's orders on the allocation of income and expenses, community property and debts, spousal support, and attorney fees. We conclude that the contempt and time-sharing issues are moot and therefore decline to address them.

{21}     **IT IS SO ORDERED.**


**M. MONICA ZAMORA, Judge**


**WE CONCUR:**


**J. MILES HANISEE, Judge**


**STEPHEN G. FRENCH, Judge**