This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**WEIL CONSTRUCTION INC.,**
**a New Mexico Corporation,**

Plaintiff-Appellant,

v.                                                                    **NO. A-1-CA-35845**

**JOHN MONFORTE, Acting Secretary of**
**Taxation and Revenue Department, and**
**NEW MEXICO TAXATION AND REVENUE**
**DEPARTMENT,**

Defendants-Appellees.

**APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE**
**Dee Dee Hoxie, Hearing Officer**

Joe Lennihan
Santa Fe, NM

for Appellant

Hector H. Balderas, Attorney General
Cordelia A. Friedman, Special Assistant Attorney General
Santa Fe, NM

for Appellees

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Weil Construction, Inc. (Weil) appeals the decision and order of a Taxation and Revenue Department hearing officer disallowing a claimed deduction and denying Weil's request for a refund of gross receipts tax paid on items installed during the construction of a Santa Fe County fire station. Weil argues that the hearing officer erred by (1) concluding, as a matter of law, that Weil could not claim a deduction, and (2) determining that Weil failed to meet its burden to establish its right to the deduction. For purposes of this opinion, we assume the relevant law provided an avenue for Weil to claim a deduction of gross receipts tax, but we nevertheless conclude that the hearing officer did not err in ruling that Weil failed to meet its burden. As such, we affirm. Because this is a memorandum opinion, we set forth only such facts and law as are necessary to decide the merits.

**BACKGROUND**

**{2}** Santa Fe County hired Weil in 2012 to build a fire station in Edgewood, New Mexico. As the seller of services, Weil paid gross receipts tax on all its receipts from building the fire station, *see* NMSA 1978, §§ 7-9-3.5(A) (2007), -4(A) (2010), and, by agreement, passed the cost of the gross receipts tax on to Santa Fe County. After the completion of the project, Santa Fe County hired an accounting firm, Moss Adams LLP (Moss), to conduct a cost segregation study in order to determine whether any items installed in the fire station qualified for a tax deduction under the Gross Receipts and Compensating Tax Act, NMSA 1978,

§§ 7-9-1 to -116 (1966, as amended through 2018). Moss conducted the study and identified thirty-four items in the fire station it believed were deductible.

{3}      Weil filed a claim for refund of $30,851 in gross receipts tax paid on the thirty-four items identified in the cost segregation study. The claimed deduction in this case stems from Section 7-9-54(A) (2003, amended 2018),[1] which permits a deduction for the sale of tangible personal property to a governmental entity, such as Santa Fe County. Section 7-9-54(A), however, does not permit the deduction for "construction material" or for the provision of construction services. *See* § 7-9-54(A)(3), (4). In claiming the deduction, Weil relied on regulation 3.2.1.11(J)(2) NMAC (Regulation J), which defines the term "building." Weil reasoned that—due to Regulation J—the claimed items were not part of the construction of the fire station building; instead, these items qualified as tangible personal property for purposes of the deduction in Section 7-9-54(A).

{4}      The Department of Taxation and Revenue (the Department) initially took no action on Weil's request for refund, and Weil filed an administrative protest.

---

[1] We note that the statutory deduction at issue in this opinion—Section 7-9-54(A)—was amended during the pendency of this appeal. This amendment appears to have been adopted to address the precise question at play in this case—i.e., when can materials used in a construction project for a governmental entity be deducted? Because we accept Weil's legal interpretation for purposes of this opinion, we need not address the interplay of the applicable regulations and statutes and what, if anything, this recent amendment might tell us about legislative intent. Further, our citation to Section 7-9-54 throughout this opinion is to the version of the statute as it existed at the time of the protest. *See* § 7-9-54 (2003, amended 2018).

4

During the pendency of the protest, the Department refunded gross receipts tax on six of the thirty-four claimed items and denied the rest. The Department requested an administrative hearing on the remaining twenty-eight items. At the nearly five-hour hearing, both the Department and Weil called witnesses and submitted numerous exhibits for the hearing officer's review. Weil's exhibits included its application for refund, the cost segregation study, photos of the claimed items, its invoices, the blueprints and mission statement for the fire station, and a cost segregation study accepted as evidence in an unrelated case. The testimony at the hearing largely focused on the parties' differing perspectives on the operation and history of the relevant statutes and regulations, as well as the Department's historical treatment of refunds under Section 7-9-54(A).

{5} The hearing officer denied Weil's protest by written decision and order. As grounds for the denial, the hearing officer concluded (1) "all of the outstanding depreciable property was construction material as defined by . . . statute," and Regulation J could not override the applicable statutory provisions, and, alternatively, (2) even assuming Weil could rely on Regulation J for a deduction, Weil failed to meet its burden of demonstrating that the claimed items were not part of a "building" under Regulation J. Weil appealed the decision and order pursuant to NMSA 1978, Section 7-1-25 (2015).

**DISCUSSION**

**{6}** The Gross Receipts and Compensating Tax Act presumes that all persons engaging in business in New Mexico are subject to gross receipts tax. *See* § 7-9-5. "Where an exemption or deduction from tax is claimed, the statute must be construed strictly in favor of the taxing authority, the right to the exemption or deduction must be clearly and unambiguously expressed in the statute, and the right must be clearly established by the taxpayer." *Sec. Escrow Corp. v. N.M. Taxation & Revenue Dep't*, 1988-NMCA-068, ¶ 8, 107 N.M. 540, 760 P.2d 1306. "On appeal, this Court shall set aside a decision and order of the hearing officer only if it is (1) arbitrary, capricious, or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with the law." *Hammack v. N.M. Taxation & Revenue Dep't*, 2017-NMCA-086, ¶ 6, 406 P.3d 978 (internal quotation marks and citation omitted); *accord* § 7-1-25(C). "When reviewing for sufficiency of the evidence, we look to the whole record and review the evidence in the light most favorable to the agency's findings." *Arco Materials, Inc. v. N.M. Taxation & Revenue Dep't*, 1994-NMCA-062, ¶ 2, 118 N.M. 12, 878 P.2d 330, *rev'd on other grounds by Blaze Constr. Co. v. N.M. Taxation & Revenue Dep't*, 1994-NMSC-110, ¶ 1, 118 N.M. 647, 884 P.2d 803.

**{7}** Weil asks us to conclude, as a matter of law, that items meeting the requirements of Regulation J are deductible under Section 7-9-54(A) as tangible personal property. Regulation J provides in relevant part that

[a] "building" includes the structural components integral to the building and necessary to the operation or maintenance of the building *but does not include* equipment, systems or components installed to perform, support or serve the activities and processes conducted in the building and which are classified for depreciation purposes as three-year property, five-year property, seven-year property, 10-year property or 15-year property by Section 168 of the Internal Revenue Code[.]

3.2.1.11(J)(2) NMAC (emphasis added). Assuming, without deciding, that Weil is correct that Regulation J provides an avenue for the deduction of gross receipts tax in this case, it was Weil's burden to establish its entitlement to the deduction. Under Regulation J, Weil was required to produce sufficient evidence demonstrating that the items claimed are equipment, systems or components (1) "installed to perform, support or serve the activities and processes conducted in the building" and (2) "which are classified for depreciation purposes as three-year property, five-year property, seven-year property, 10-year property or 15-year property by Section 168 of the Internal Revenue Code[.]" *Id.*

{8}     The hearing officer, while finding that Weil met its burden on the second element, determined that Weil failed to carry its burden on the first element. The hearing officer acknowledged that "[a] few outstanding items of the claimed depreciable property were mentioned [at the hearing] as part of the argument that they supported the activities and processes; [i.e.,] the exhaust fans, and part of the drainage in the garage." The hearing officer nonetheless found that "[t]here was no evidence on how exactly those items related to the provision of emergency

7

services" and reiterated that the burden was on the taxpayer to prove its entitlement to the deduction. She concluded, "[g]iven the lack of evidence presented on the items claimed and their relation to provision of emergency services rather than the overall operation and maintenance of the building, [Weil] has failed to meet its burden."[2]

{9}     Without citation to authority, Weil attempts to frame the issue before this Court as "whether [it] tendered sufficient evidence to connect *any item* of the fire station property to the provision of fire fighting or emergency services" and baldly asserts it can obtain reversal of the entire decision and order on this basis alone. (Emphasis added.) We question whether Weil's burden on appeal is met by simply arguing there was insufficient evidence on a single item. In the past, we have declined to consider a sufficiency of the evidence challenge when a party "fails to connect and support [its] argument with a recitation of all facts material to the issue . . . [and] fails to include the substance of all the evidence bearing upon a proposition[.]" *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 17, 137 N.M. 26, 106 P.3d 1273 (internal quotation marks and citation omitted)); *cf. Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 15, 115 N.M.

---

[2] Weil mischaracterizes the decision and order, claiming that the "hearing officer categorically excluded all of Weil's evidence because the hearing officer could not see how any of the property 'related to the provision of emergency services.'" The hearing officer did not exclude Weil's evidence; she, instead, determined that the evidence presented was insufficient to meet Weil's burden to prove that the claimed items were related to the provision of emergency services.

181, 848 P.2d 1108 ("[I]t is not the responsibility of the reviewing court to search through the record to determine whether substantial evidence exists to support a finding. That is the obligation of the appellant." (citation omitted)).

{10}    Even accepting Weil's framing of the issue, its threshold premise does not withstand scrutiny. In claiming the hearing officer erred, Weil asserts the parties did not dispute the deductibility of a single item—a "special drain" installed in the firetruck bay. A review of the hearing, however, reveals that Weil's characterization is incomplete and misleading. The only pertinent testimony with respect to the drain was elicited from an auditor with the Department. When initially discussing the drain, the auditor testified that the drainage system is similar to a gutter system that is part of any new construction. Subsequently, Weil asked the auditor if the drain is used for special activities that take place inside the building. In response, the auditor stated, "I wouldn't say there [are] any activities, I think it is just a place for them to park their fire trucks." Upon further questioning, the auditor testified that "maintaining [and] cleaning the firetruck[s] are activities" but did not elaborate further. Given this equivocal testimony, the hearing officer was free to draw her own inferences in reaching the conclusion that Weil failed to demonstrate that the special drain was related to the provision of emergency

9

services, as opposed to the operation or maintenance of the building. [3] *See* 3.2.1.11(J)(2) NMAC; *see also In re Rescue EcoVersity Petition*, 2013-NMSC-039, ¶ 19, 308 P.3d 125 ("Where the exercise of judicial discretion involves fact-finding, we will not reweigh the evidence nor substitute our judgment for that of the fact finder." (internal quotation marks and citation omitted)); *cf. State v. Martinez*, 2018-NMSC-007, ¶ 15, 410 P.3d 186 ("Factfinding frequently involves selecting which inferences to draw." (internal quotation marks and citation omitted)). Viewing the evidence in the light most favorable to the agency's findings, we cannot say it was error for the hearing officer to deny the deduction for the special drain. *See Arco Materials, Inc.*, 1994-NMCA-062, ¶ 2. We, therefore, reject Weil's contention that the entire decision and order should be reversed on the basis of the drain alone.

{11}    As to the remaining twenty-seven items, Weil fails to assert a colorable sufficiency challenge. Instead of "identif[ying] with particularity the fact or facts that are not supported by substantial evidence," as required by Rule 12-318(A)(4) NMRA, Weil asserts that "[g]iven the [special] purpose of a fire station, the

---

[3] As an additional basis for affirming the hearing officer's determination as to the special drain, the Department argued in its answer brief that Weil failed to demonstrate that the drain was depreciable under Section 168 of the Internal Revenue Code, pursuant to 3.2.1.11(J)(3)(d) NMAC. Weil did not address this issue in its reply brief and thus has conceded the same. *See Delta Automatic Sys., Inc. v. Bingham*, 1999-NMCA-029, ¶ 31, 126 N.M. 717, 974 P.2d 1174 (stating that the failure to respond to contentions made in an answer brief "constitutes a concession on the matter").

hearing officer did not need further proof to know that much of the property installed in the Edgewood fire station would support the activity of fire fighting."[4] This bald assertion is insufficient to meet Weil's burden on appeal. *See* Rule 12-318(A)(4); *see also Wachocki v. Bernalillo Cty. Sheriff's Dep't*, 2010-NMCA-021, ¶ 17, 147 N.M. 720, 228 P.3d 504 ("Where the appellant fails to include the substance of all the evidence bearing upon a proposition, [we] will not consider a challenge to the sufficiency of the evidence." (internal quotation marks and citation omitted)), *aff'd*, 2011-NMSC-039, 150 N.M. 650, 265 P.3d 701; *City of Albuquerque v. Westland Dev. Co.*, 1995-NMCA-136, ¶ 34, 121 N.M. 144, 909 P.2d 25 ("The appellant has the burden to point out clearly and specifically the error it asserts on appeal.").

{12} Having determined that Weil failed to mount a successful sufficiency of the evidence challenge even under its interpretation of Section 7-9-54(A) and Regulation J, we need not address Weil's remaining claim that the hearing officer misconstrued the law.

---

[4] Only in its reply brief does Weil contend that the cost segregation study submitted with its protest should serve as sufficient evidence of its entitlement to the deduction. Weil, however, does not explain how the cost segregation study meets the two elements of Regulation J for any of the claimed items. And we need not address such an undeveloped argument, particularly when raised for the first time in reply. *See Greentree Solid Waste Auth. v. Cty. of Lincoln*, 2016-NMCA-005, ¶ 27, 365 P.3d 509 (declining to consider undeveloped arguments); *Wilcox v. N.M. Bd. of Acupuncture & Oriental Med.*, 2012-NMCA-106, ¶ 15, 288 P.3d 902 (declining to consider an appellant's argument raised for first time in the reply brief).

**CONCLUSION**

{13}    The decision and order of the hearing officer is affirmed.

{14}    **IT IS SO ORDERED.**


                                                                    _____
                                                                    **JENNIFER L. ATTREP, Judge**

**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**DANIEL J. GALLEGOS, Judge Pro Tempore**