[No. 1438, May 16, 1913.]

LA CUEVA RANCH COMPANY, Appellant, v. JUAN N. RODRIGUEZ, et als., Appellees.

Appeal from Mora County.

JONES & ROGERS, for Appellants, on Rehearing.

Defense of adverse possession.     Hunnicutt v. Peyton, 102 U. S. 333; Montoya v. Unknown heirs, 120 Pac. 626.

Agreement of 1884.     Daley v. Bernstein, 6 N. M. 380; Wiseman v. Northern Pacific Ry. Co., 26 Pac. 272; Georgia Pac. Ry. Co. v. Strickland, 6 S. E. 27; Seitz v. Brewers Refrigerator Co., 141 U. S. 510.

OPINION OF THE COURT ON REHEARING.

We see no reason to recede from any of the positions taken in the former opinion in this case.     Three proposi-

tions, however, have been presented on rehearing, which will be noticed. It is argued that we based our conclusions as to the rights of appellees on the assumption that. adverse possession by them was pleaded and proven. This is a mistake. While it is shown that some of them had acquired rights by adverse possession, it is clearly pointed out that the rights of all of the appellees are also founded. upon the contract of 1884.

It is urged that the court erred in admitting the contract in evidence, the original not being sufficiently accounted for to admit of secondary evidence of the same. This was not discussed in the former opinion. We fail to find any objection to the introduction of the document in evidence on this ground. The exceptions in the lower court to the findings go to the effect of the contract, not to its. admissibility. The court found that the original was lost, but that a copy was produced which is set out in full in the findings. Under such circumstances there is no error in admitting the contract, if error there was, which is reviewable here.

It is suggested that the copy of the contract of 1884 was not in fact introduced in evidence. The record does fail to disclose any formal offer of the same, but a. copy of the same is attached to appellee's answer, and the same is listed as their Exhibit 2. The contract was treated by the parties and the court, as in evidence, and the objection, for want of formal introduction, is not now available.

The judgment heretofore rendered, will, therefore be adhered to, and it is so ordered.