This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41171

**BOBBY ROMERO, Personal Representative of the ESTATE OF FLOREN LUJAN, JR.,**

Plaintiff-Appellant,

v.

**DAVID LUJAN; MARY ANN LUJAN; and LUJAN'S COMMUNICATIONS, INC.,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James Lawrence Sanchez, District Court Judge**

Stalter Law LLC
Kenneth H. Stalter
Albuquerque, NM

for Appellant

Sanchez, Mowrer & Desiderio, P.C.
Janette Angelica Duran
Robert J. Desiderio
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**BACA, Judge.**

**{1}** This case arises from the alleged breach of a contractual agreement between Bobby Romero (Plaintiff), personal representative of the Estate of Floren Lujan, Jr., and David Lujan, Mary Ann Lujan, and Lujan's Communications, Inc. (collectively,

Defendants). Plaintiff appeals from the district court's entry of judgment and final order in favor of Defendants and against Plaintiff. On appeal, Plaintiff argues that the district court erred by (1) granting Defendants' motion to dismiss Plaintiff's breach of contract claims arising prior to December 9, 2009, on statute of limitation grounds; (2) denying Plaintiff's motion for leave to file a second amended complaint to add a cause of action for fraudulent misrepresentation; and (3) interpreting the provision of the agreement between the parties providing for the "use" of Plaintiff's licenses as requiring Defendants to pay Plaintiff only when Defendants required such use of them. For the reasons explained below, we reverse the district court's order dismissing Plaintiff's claims arising prior to December 9, 2009, affirm the district court's denial of Plaintiff's motion for leave to file a second amended complaint, and need not address the third issue given our resolution of the first two issues on appeal

## DISCUSSION

### I. Motion to Dismiss

### A. Standard of Review

{2} Plaintiff argues that the district court erred by granting Defendants' motion to dismiss as to any of Plaintiff's breach of contract claims arising prior to December 9, 2009, on statute of limitation grounds because partial payments made after December 9, 2009, revived Plaintiff's prior claims. Whether "the district court has properly granted a motion to dismiss under Rule 1-012(B)(6) [NMRA] is a question of law, which we review de novo." *Fitzjerrell v. City of Gallup ex rel. Gallup Police Dep't*, 2003-NMCA-125, ¶ 8, 134 N.M. 492, 79 P.3d 836. We also review de novo whether the statute of limitations clock began running anew due to revival. *See id.* (stating that in reviewing the district court's grant of a motion to dismiss, we "accept as true all facts properly pleaded" and dismissal "is only proper if [the plaintiff is] not legally entitled to relief under any set of provable facts"); *see also Corona v. Corona*, 2014-NMCA-071, ¶ 12, 329 P.3d 701 (stating that where the facts are undisputed, we review de novo the district court's conclusions of law on "whether the statute of limitations clock began running anew due to revival").

{3} In reviewing the grant of a Rule 1-012(B)(6) motion to dismiss, we accept "all well-pleaded factual allegations as true and resolv[e] all doubts in favor of the sufficiency of the complaint." *Vigil v. State Auditor's Off.*, 2005-NMCA-096, ¶ 4, 138 N.M. 63, 116 P.3d 854 (internal quotation marks and citation omitted). "Dismissal of a claim under this rule is only proper if [the plaintiff is] not legally entitled to relief under any set of provable facts." *Fitzjerrell*, 2003-NMCA-125, ¶ 8.

### B. The District Court Erred by Granting Defendants' Motion to Dismiss

{4} Pursuant to NMSA 1978, Section 37-1-3(A) (2015), "[a]ctions founded upon any . . . contract in writing shall be brought within six years." However, in New Mexico causes of action based on contract may be revived by partial or installment payments if those

payments are made "under circumstances that warrant a clear inference that the debtor acknowledges and is willing to pay a further indebtedness." *Corona*, 2014-NMCA-071, ¶ 14 (internal quotation marks and citation omitted); *see* NMSA 1978, § 37-1-16 (1957). "Such a cause of action shall be deemed to have accrued upon the date of such partial or installment payment." Section 37-1-16.

{5}     Plaintiff filed his complaint on December 9, 2015. In his complaint, and subsequently in his first amended complaint, Plaintiff alleged in pertinent part:

> [1.]     On or about July 15, 2002, Plaintiff and Defendant[s] . . . entered into a '[m]emorandum' [a]greement . . . which [a]greement outlined all aspects of Defendants' continued use of Plaintiff's licenses . . . including . . . regular payments of $500.00 per week ('living allowance') to Plaintiff while the licenses were in use by Defendants; and

> [2.]     Defendants made sporadic payments to Plaintiff pursuant to the Agreement until late 2009. They continued to use Plaintiff's GF-9 and other licenses to obtain work through December 23, 2011 and, upon information and belief, through the filing of this action with no compensation to Plaintiff.

{6}     At this stage of the proceedings, the Court must accept "all well-pleaded factual allegations as true and resolv[e] all doubts in favor of the sufficiency of the complaint." *Vigil*, 2005-NMCA-096, ¶ 4 (internal quotation marks and citation omitted). Plaintiff has alleged that "Defendants made sporadic payments to Plaintiff pursuant to the Agreement *until late 2009.*" Thus, resolving all doubts in favor of the sufficiency of the complaint, we accept that Defendants made at least one payment between December 9, 2009 and January 1, 2010. If at least one payment was made between December 9, 2009 and January 1, 2010 under circumstances warranting a clear inference that Defendants acknowledged and were willing to pay a further indebtedness on any debt that arose prior to December 9, 2009, then Plaintiff would have been legally entitled to revival of that debt because it would have accrued within the six-year statute of limitations.[1] *See Corona*, 2014-NMCA-071, ¶ 14 (stating that a cause of action based on contract may be revived by partial or installment payments if those payments are made "under circumstances that warrant a clear inference that the debtor acknowledges and is willing to pay a further indebtedness" (internal quotation marks and citation omitted)); § 37-1-3(A) ("Actions founded upon any . . . contract in writing shall be brought within six years."); § 37-1-16 (stating that a revived cause of action based on contract "shall be deemed to have accrued upon the date of such partial or installment payment"). Whether Defendants made payments after December 9, 2009, under circumstances

---

[1]Interestingly, on this point, following trial, the district court found in its "Judgment and Final Order" that "Defendants regularly paid Plaintiff between $600 to $800 a week from December 9, 2011 through July[] 2011." Indeed, Defendant's own Exhibit E, admitted at trial, listed, inter alia, payments from Defendants to Plaintiff on December 11, 18, and 24, 2009. Thus, it appears that there is evidence in the record of payments by Defendant to Plaintiff beyond December 9, 2009, that supports Plaintiff's contention that the statute of limitations was revived by these payments and that it was error for the district court to dismiss Plaintiff's claims prior to December 9, 2009.

warranting a clear inference that Defendants acknowledged and were willing to pay a further indebtedness on a debt that arose prior to December 9, 2009, is a question of fact not properly decided on a motion to dismiss. Rather, resolution of this question turns on evidence normally unearthed in the process of discovery, i.e., evidence of payments and the circumstances surrounding them. *See Vigil v. Arzola*, 1984-NMSC-090, ¶ 5, 101 N.M. 687, 687 P.2d 1038 ("Dismissal of a contract claim on a Rule [1-0]12(b)(6) motion is a legal, not evidentiary, determination."); *Env't Improvement Div. of N.M. Health & Env't Dep't v. Aguayo*, 1983-NMSC-027, ¶ 10, 99 N.M. 497, 660 P.2d 587 ("A motion to dismiss pursuant to Rule [1-0]12(b)(6) merely tests the legal sufficiency of the complaint and is infrequently granted because its purpose is to test the law of the claim, not the facts that support it.").

{7}     Defendants appear to argue that the revival statute only applies in cases where there is a single breach resulting in a lump sum of debt. We disagree. Contrary to Defendants' argument, under our case law the revival statute applies both in cases where there is payment and a larger debt and in cases where there are multiple debts, some of which are otherwise barred by the statute of limitations. *See Corona*, 2014-NMCA-071, ¶ 17 (holding that "the evidence was sufficient to permit the district court to conclude that the $20,000 payment was a payment on all of the debts owed by [the debtors] to [the creditor]" where the creditor provided evidence "of the payment and a larger debt" and of "the circumstances surrounding the payment"); *Lea Cnty. State Bank v. Markum Ranch P'ship*, 2015-NMCA-026, ¶ 20, 344 P.3d 1089 ("The requirement for a debtor to identify the particular debt that a partial payment applies to will become a material factor when the statute of limitations on that particular debt has already run.").

{8}     We conclude that under the well-pleaded factual allegations Plaintiff was entitled to relief under a set of provable facts. Therefore, we further conclude that the district court erred by granting Defendants' motion to dismiss Plaintiff's breach of contract claims arising prior to December 9, 2009, on statute of limitation grounds. *See Fitzjerrell*, 2003-NMCA-125, ¶ 8 ("Dismissal of a claim under [Rule 12(B)(6)] is only proper if [the plaintiff is] not legally entitled to relief under any set of provable facts."). We vacate the district court's judgment and final order, reverse the district court's order granting Defendants' motion to dismiss Plaintiff's claims arising prior to December 9, 2009, and remand for further proceedings consistent with this opinion. Because we vacate the district court's judgment and final order, we need not address Plaintiff's argument that the district court erred by interpreting the provision of the agreement between the parties providing for the "use" of Plaintiff's licenses as requiring Defendants to pay Plaintiff only when Defendants required the use of them.

## II.     Motion to Amend

## A.     Standard of Review

{9}     Plaintiff also argues that the district court erred by denying his motion for leave to file a second amended complaint to add a cause of action for fraudulent misrepresentation based on Defendant Mary Ann Lujan's forgery of Plaintiff's signature

on her work experience affidavit. "The denial of a motion to amend will be reversed only upon a showing of clear abuse of discretion." *Paragon Found., Inc. v. N.M. Livestock Bd.*, 2006-NMCA-004, ¶ 27, 138 N.M. 761, 126 P.3d 577 (internal quotation marks and citation omitted). An abuse of discretion occurs "when the court exceeds the bounds of reason, all the circumstances before it being considered." *Id.* (internal quotation marks and citation omitted).

**B.     The District Court Did Not Err by Denying Plaintiff's Motion for Leave to File a Second Amended Complaint**

**{10}**     Rule 1-015(A) NMRA provides that leave to amend pleadings "shall be freely given when justice requires." The purpose of this rule "is to provide parties the opportunity to amend a claim that was filed when significant facts remained unknown so that the controversy will be decided on the merits of the case." *Macias v. Jaramillo*, 2000-NMCA-086, ¶ 23, 129 N.M. 578, 11 P.3d 153 (internal quotation marks and citation omitted). However, "if the insufficiency or futility of the pleading is apparent on its face, then granting the motion [to amend] would serve no purpose." *Stinson v. Berry*, 1997-NMCA-076, ¶ 9, 123 N.M. 482, 943 P.2d 129. Thus, in determining whether to grant or deny a motion to amend the district court may consider the futility of the amendment. *See Macias*, 2000-NMCA-086, ¶ 23. An amendment is futile if the pleading as amended would be subject to dismissal. *See Stinson*, 1997-NMCA-076, ¶ 11 ("Consequently, in light of the fact that [the p]laintiffs' amended complaint could not withstand a motion to dismiss, the amendment would have been futile. We thus hold that the [district] court did not abuse its discretion in refusing to allow the amendment.").

**{11}**     In the instant case, the order denying Plaintiff's motion for leave to file a second amended complaint does not state a specific reason therefore. However, it is apparent from our review of the record that the court's reasoning for denying the motion included that the amendment was futile.

**{12}**     "The essential elements required to prove [fraudulent misrepresentation] are (1) that a representation was made as a statement of fact, (2) that the representation was untrue and known to be untrue by the party making it or that it was recklessly made, (3) that the representation was made with intent to deceive and for the purpose of inducing the other party to act upon the representation, and (4) that the other party relied on the representation and was induced thereby to act to that party's injury or damage." *Kaveny v. MDA Enters., Inc.*, 2005-NMCA-118, ¶ 7, 138 N.M. 432, 120 P.3d 854. "There must be a concurrence of all of these essential elements and without this there can be no actionable fraud." *Sauter v. St. Michael's Coll.*, 1962-NMSC-107, ¶ 9, 70 N.M. 380, 374 P.2d 134.

**{13}**     While a fraudulent misrepresentation "need not, in all cases, be made to the party seeking recovery," it is necessary that "the plaintiff be in the class of persons that the defendant intended to influence," and that the party seeking recovery relied on the representation and was induced thereby to act to that party's injury or damage. *See Citizens Bank v. C & H Const. & Paving Co.*, 1976-NMCA-063, ¶¶ 29-30, 89 N.M. 360,

552 P.2d 796 (internal quotation marks and citation omitted). Here, Plaintiff was not in the class of persons that Defendant intended to influence by forging Plaintiff's signature on her work experience affidavit. Rather, Defendant intended to influence *the state* to issue her a qualified party certificate. Moreover, Plaintiff did not rely on Defendant's misrepresentation in a manner that induced him to act to his injury or damage.

**{14}**     Plaintiff argues for the first time in his reply brief that his proposed amended complaint was not limited to fraud. Plaintiff contends that "[p]leading in the alternative, the amended complaint also alleged the elements of negligent or intentional misrepresentation, and the appropriation subcategory of invasion of privacy." Because this argument was raised for the first time in Plaintiff's reply brief, we decline to address it. *See* Rule 12-318(C) NMRA ("A reply brief shall . . . reply only to arguments or authorities presented in the answer brief."); *Valerio v. San Mateo Enters., Inc.*, 2017-NMCA-059, ¶ 27, 400 P.3d 275 (declining to address an argument raised for the first time in a reply brief).

**{15}**     Plaintiff also submits that "[e]ven if Plaintiff were not entitled to compensatory damages, the proposed amended complaint included a claim for punitive damages. . . . In New Mexico, compensatory damages are not necessary to pursue punitive damages. Nominal damages can support the punitive damages claim." Plaintiff appears to argue that he was entitled to punitive damages for fraudulent misrepresentation regardless of whether he suffered any actual damages. It is true that, in general, suits based on intentional torts require "no allegation of actual damages," and that an award of nominal damages can support a claim for punitive damages. *Sanchez v. Clayton*, 1994-NMSC-064, ¶ 15, 117 N.M. 761, 877 P.2d 567. However, Plaintiff's argument is unavailing for two reasons.

**{16}**     First, nominal damages are awarded "to acknowledge that the cause of action was established." *Id.* Therefore, the determinative issue is still whether Plaintiff can state a cause of action for fraudulent misrepresentation. *See id.* ¶ 17. As explained, regardless of whether Plaintiff suffered damages, Plaintiff was not among the class of persons Defendant intended to influence by forging Plaintiff's signature on her work experience affidavit, so on that basis alone Plaintiff cannot state a cause of action for fraudulent misrepresentation as required for an award of nominal damages.

**{17}**     Second, in the case of fraudulent misrepresentation, it is an essential element that Plaintiff relied on Defendant's misrepresentation and was induced thereby to act to his injury or damage. *See Kaveny*, 2005-NMCA-118, ¶ 7 ("The essential elements required to prove fraud [through misrepresentations include] . . . that the other party relied on the representation and was induced thereby to act to that party's injury or damage."). Indeed, without that element there can be no cause of action for fraudulent misrepresentation. *See Sauter*, 1962-NMSC-107, ¶ 9 ("There must be a concurrence of all of [the] essential elements and without this there can be no actionable fraud."). Therefore, we are unpersuaded by Plaintiff's argument that he had a cause of action regardless of whether he was entitled to compensatory damages.

**{18}** We conclude that the futility of the proposed fraudulent misrepresentation claim was apparent on its face. Therefore, we also conclude that the district court did not err by denying Plaintiff's motion for leave to file a second amended complaint. *See, e.g.*, *State v. Elec. City Supply Co.*, 1964-NMSC-136, ¶¶ 9-10, 14-18, 74 N.M. 295, 393 P.2d 325 (affirming the denial of a motion to amend where the insufficiency or futility of the pleading was apparent on its face); *Stinson*, 1997-NMCA-076, ¶¶ 9-11 (same); *Paragon Found., Inc.*, 2006-NMCA-004, ¶¶ 27-30 (same); *All. Health of Santa Teresa, Inc. v. Nat'l Presto Indus., Inc.*, 2007-NMCA-157, ¶¶ 26-27, 143 N.M. 133, 173 P.3d 55 (same).

## CONCLUSION

**{19}** We reverse the district court's order granting Defendants' motion to dismiss as to any of Plaintiff's claims arising prior to December 9, 2009, and, accordingly, vacate the district court's judgment and final order. As well, we affirm the district court's denial of Plaintiff's motion for leave to file a second amended complaint and remand for further proceedings consistent with this opinion.

**{20}** **IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**J. MILES HANISEE, Judge**