The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number:_____

Filing Date: May 7, 2025

**No. A-1-CA-40974**

**JOHN (JACK) WHITNEY,**

    Plaintiff-Appellant,

v.

**ANNIE POWELL a/k/a ANNA POWELL;
JAY POWELL; POWELL ORCHARD
ENTERPRISES, LLC d/b/a TAOS DINER;
POWELL ORCHARD ENTERPRISES, INC.
d/b/a TAOS DINER; TAOS DINER II; TAOS
DINER AND MARKET; FRED ROBBINS;
MELINDA SHANKS-ROBBINS; FARMERS
INSURANCE EXCHANGE; and TRAVELERS
CASUALTY INSURANCE COMPANY OF
AMERICA; WHITE CORPORATIONS 1-5;
BLACK PARTNERSHIPS 1-5; GRAY
LIMITED LIABILITY COMPANIES 1-5;
JANE DOES 1-5; and JOHN DOES 1-5,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Lisa Chavez Ortega, District Court Judge**

Grayson Law Office, LLC
Brian G. Grayson
Albuquerque, NM

Litty Law Group, P.C.
Joseph Lee Woods
Albuquerque, NM

Feliz Angelica Rael
Albuquerque, NM

for Appellant

O'Brien & Padilla, P.C.
William R. Anderson
Albuquerque, NM

for Appellees Annie Powell, Jay Powell, Powell Orchard Enterprises, LLC, Powell Orchard Enterprises, Inc., Taos Diner II, & Taos Diner and Market

Madison , Mroz, Steinman
Kenny & Olexy, P.A.
Gregory D. Steinman
Albuquerque, NM

for Appellees Fred Robbins & Melinda Shanks Robbins

Christian, Dichter & Sluga P.C.
Gena L. Sluga
Phoenix, AZ

for Appellee Farmers Insurance Exchange

**OPINION**

**HENDERSON, Judge.**

{1}     Plaintiff John (Jack) Whitney appeals the district court's order granting Defendants Annie Powell, Jay Powell, Powell Orchard Enterprises, LLC, Powell Orchard Enterprises, Inc., Taos Diner II, and Taos Diner and Market (collectively, Taos Diner) and Counterclaimant Farmers Insurance Exchange's (Farmers) motion to enforce a settlement agreement. Plaintiff asserts that the district court improperly enforced a settlement agreement (the Agreement) between the wrongful death estate of Janet Lamkin (the Estate) and Taos Diner against him because he was not a party to the Agreement and thus the Agreement did not extinguish Plaintiff's claims in tort against Taos Diner. We reverse and remand.

**BACKGROUND**

{2}     In September 2019, Plaintiff and Janet Lamkin, his life partner of 38 years, went to lunch at the Taos Diner. While at the Taos Diner, Ms. Lamkin slipped and fell, sustained serious injuries, and subsequently died. Following Ms. Lamkin's death, the Estate, via its attorney Jon Litty, sought to settle "all claims" arising from Ms. Lamkin's death with Taos Diner and Farmers. Following this demand and additional negotiations, the Estate signed and executed the Agreement, thereby settling and releasing "all claims" in exchange for policy limits. Farmers paid the full settlement amount to the Estate. Subsequently, Plaintiff filed the underlying

lawsuit, alleging negligence, negligent infliction of emotional distress, vicarious liability, punitive damages, spoliation of evidence, and loss of consortium. Taos Diner and Farmers moved to enforce the Agreement against Plaintiff. After hearing arguments from both parties, the district court found that "[t]here was an offer to settle any and all claims arising from the death of [Ms. Lamkin] and there was an acceptance of that offer . . . and that would . . . include [Plaintiff]'s . . . claim[s]." As such, the court granted the motion to enforce the settlement agreement and dismissed Plaintiff's claims with prejudice. Plaintiff appeals.

**DISCUSSION**

{3}     Plaintiff argues that the district court erred in enforcing the Agreement against him because he was not a party to the Agreement and that, regardless, his claims for loss of consortium and negligent infliction of emotional distress are separate from the Estate's wrongful death claim and therefore the Agreement did not extinguish his separate claims. Farmers asserts that, based on extrinsic evidence, the parties intended that Plaintiff be a party to the Agreement, and thus the Agreement can be enforced against him. We agree with Plaintiff.

{4}     Although Taos Diner and Farmers argue for a substantial evidence standard of review, the parties do not dispute the existence of a contract. Thus, the question before us is the Agreement's meaning to the parties at the time it was entered. "This presents a question of contract interpretation, which we review de novo." *Cent. Mkt.,*

*Ltd., Inc. v. Multi-Concept Hosp., LLC*, 2022-NMCA-021, ¶ 26, 508 P.3d 924; *see Branch v. Chamisa Dev. Corp.*, 2009-NMCA-131, ¶ 33, 147 N.M. 397, 223 P.3d 942 ("A settlement agreement is a species of contract." (alterations, internal quotation marks, and citation omitted)).

{5} Next, we briefly address Taos Diner and Farmers' assertion that Plaintiff has failed to preserve his arguments for our review. "To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the [district] court on the same grounds argued in the appellate court." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 (internal quotation marks and citation omitted). Plaintiff argued below that "a release by the . . . Estate does not extinguish claims held by parties who are not subject to the Estate. [Plaintiff] was the life partner of the deceased for 38 years, . . . [though this relationship] does not allow him to benefit from or be represented by the . . . Estate." Further, at the hearing on the motion, Plaintiff argued that the Estate lacked authority, without agreement, to extinguish Plaintiff's claims. Based on the above, it is clear that both issues were raised and argued before the district court. Therefore, the issues are properly preserved.

{6} Turning to Plaintiff's substantive arguments, Plaintiff first argues that the Agreement cannot be enforced against him because he was not a party to the Agreement. Taos Diner and Farmers seek to use an email chain between attorneys for Taos Diner, Farmers, and the Estate to indicate that the parties intended to include

Plaintiff in the Agreement at the time of execution.[1] Extrinsic evidence may be introduced to aid in the interpretation of a contract if the evidence is intended to "determine the circumstances under which the parties contracted and the purpose of the contract." *Levenson v. Mobley*, 1987-NMSC-102, ¶ 14, 106 N.M. 399, 744 P.2d 174. Such evidence is also "admissible to aid the court in determining whether chosen terms are clear." *C.R. Anthony Co. v. Loretto Mall Partners*, 1991-NMSC-070, ¶ 15, 112 N.M. 504, 817 P.2d 238. "When a contract or agreement is unambiguous, we interpret the meaning of the document and the intent of the parties according to the clear language of the document, and we enforce the contract or agreement as written." *Espinosa v. United of Omaha Life Ins. Co.*, 2006-NMCA-075, ¶ 26, 139 N.M. 691, 137 P.3d 631. Whether a contract is ambiguous is also a question we review de novo. *Pollock v. Thompson*, 2024-NMCA-045, ¶ 14, 550 P.3d 888.

{7} We conclude that the Agreement is unambiguous and no evidence exists to conclude that the Agreement applies or was intended to apply to Plaintiff's claims

---

[1]To the extent that Taos Diner and Farmers urge this Court to disregard the signed and executed Agreement and solely rely on the attorneys' emails to discern the meaning of the Agreement, we decline to do so. Neither Taos Diner nor Farmers cite any authority to support their assertion that a reviewing court should ignore a written contract in favor of collateral written negotiations. Thus, we decline to substantively consider this issue. *See Nguyen v. Bui*, 2023-NMSC-020, ¶ 19, 536 P.3d 482 ("Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by [appellate courts] on appeal." (internal quotation marks and citation omitted)).

against Taos Diner. Under the language of the executed Agreement, the Estate and "its heirs, executors, personal representatives, administrators, successors[,] and assigns" fully released Taos Diner from "any and all claims . . . which the . . . Estate now has or which may hereafter accrue" resulting from Ms. Lamkin's death. Farmers asserts that this language is contained in a "flawed draft that failed to include a signature block for [Plaintiff]" and that emails between Mr. Litty and Farmers' attorney indicate that Plaintiff was intended to be a party to the Agreement. However, the record indicates that the subject of Mr. Litty's first email was "Our Client: Janet Lamkin."[2] Mr. Litty stated that he "represent[ed] the Wrongful Death Estate of Janet Lamkin." Moreover, the emails indicate that, once it became clear that the Estate and Farmers misunderstood each other's respective intent to bind Plaintiff to the Agreement, Mr. Litty clarified that Plaintiff's claims were not to be extinguished because he "was not an intended releasor under our agreement." We

[2]To the extent that Taos Diner and Farmers argue that Mr. Litty was acting pursuant to his role as both the Estate and Plaintiff's agent when he sent the settlement demand, we note that it was Farmers and Taos Diner's burden, not Plaintiff's, to demonstrate that Mr. Litty acted with authority to enter a settlement agreement on Plaintiff's behalf. *See Gomez v. Jones-Wilson*, 2013-NMCA-007, ¶ 31, 294 P.3d 1269 ("[W]hen the existence of authority to settle is disputed, the burden falls on the party seeking enforcement of the alleged settlement agreement."). Taos Diner and Farmers fail to offer any supportive evidence on this point. Though they rely on the language of the settlement demand, Mr. Litty only asserted that he "represent[ed] the Wrongful Death Estate of Janet Lamkin," and neither Taos Diner nor Farmers indicate any evidence in the record to contradict this assertion. Thus, we do not see how the settlement demand is evidence that Mr. Litty was acting on Plaintiff's behalf when engaging in settlement negotiations for the Estate.

do not view any of these emails as evidence of the parties' intent to include Plaintiff's claims in the Agreement. Thus, we conclude that the language of the written Agreement is unambiguous as to the parties' intent.

{8}     Turning then to the express language of the contract, Plaintiff is not a party to the Agreement. Plaintiff is not designated by name as a released party at any point in the written and signed Agreement. Moreover, Plaintiff is not designated under the language identifying the parties relinquishing their claims as the Estate and its "heirs, executors, personal representatives, administrators, successors[,] and assigns" as he is not a statutory beneficiary of the Estate. *See* NMSA 1978, § 41-2-3 (2001) (discussing damages and distribution of proceeds, which does not include unmarried partners as wrongful death estate beneficiaries). Plaintiff is not a party to the Agreement and he accordingly cannot be bound by it. *See* 17 C.J.S. *Contracts* § 43 (2024) (stating the general rule that "[p]ersons not a party to a contract cannot be liable on the contract"). Thus, the district court erred in dismissing Plaintiff's independent claims.

{9}     Turning to Plaintiff's second argument, we similarly conclude that the Agreement did not extinguish Plaintiff's derivative claims, including his claim for loss of consortium. In relevant part, this portion of the Agreement reads:

> [The Estate] . . . hereby and for its heirs, executors, personal representatives, administrators, successors[,] and assigns of [the Estate] releases, acquits and forever discharges [Taos Diner] . . . and . . . their agents, employees, servants, heirs, executors, personal representatives,

6

> administrators, successors[,] and assigns from any and all claims, actions, causes of action, demands, rights, damages, costs and expenses, and all derivative claims, including but not limited to claims for loss of consortium, which [the Estate] now has or which may hereafter accrue on account of or in any way growing out of [the death of Ms. Lamkin] . . . .

We are not convinced, as Taos Diner and Farmers argue, that the language "any and all" served to encompass Plaintiff's claims, including his derivative claims, when the clause is explicitly limited to claims held by the Estate. To the extent that Plaintiff's claims are derivative of the underlying injury to Ms. Lamkin, but involve a separate and direct injury to him—and not to the Estate or its beneficiaries—those claims belong to him and were not settled by the language in the Agreement addressing the Estate's derivative claims. *See Thompson v. City of Albuquerque*, 2017-NMSC-021, ¶ 1, 397 P.3d 1279 ("[L]oss of consortium damages result from the wrongful injury or death of someone who was in a sufficiently close relationship to the loss of consortium claimant, and such damages belong to the loss of consortium claimant and not to the injured person or the decedent's estate."); *Econ. Preferred Ins. Co. v. Jia*, 2004-NMCA-076, ¶ 12, 135 N.M. 706, 92 P.3d 1280 (agreeing that a claim for negligent infliction of emotional distress "can be characterized as an independent injury, not a derivative injury"); *see also* Carroll J. Miller, Annotation, *Injured Party's Release of Tortfeasor as Barring Spouse's Action for Loss of Consortium*, 29 A.L.R. 4th 1200, 1201 (1984) ("[T]he loss of consortium suit is not barred as it is a separate and independent cause of action which

7

is the property of the spouse and cannot be controlled by the injured person. . . . [T]he injured person is not the agent of [their] spouse simply because of the marital relationship, and . . . [they] therefore ha[ve] no power to bind [their] spouse by an agreement to which the spouse was not a party."). Plaintiff's claims belonged to him alone and they accordingly were not extinguished by the Agreement, which he was not even party to.

**CONCLUSION**

{10}    Based on the above, we reverse and remand this case for the district court to enter an order reinstating Plaintiff's case and for further proceedings in accordance with this opinion.

{11}    **IT IS SO ORDERED.**


_____
**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**


_____
**MEGAN P. DUFFY, Judge**


_____
**KATHERINE A. WRAY, Judge**